[No. 20265-4-II. Division Two. March 13, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. ANTONIO PEREZ-CERVANTES, *Appellant*.

*Judith M. Mandel* and *John L. Cross* of *Ronald D. Ness & Associates*, for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney*, and *John M. Neeb, Deputy*, for respondent.

BRIDGEWATER, J. — Antonio Perez-Cervantes appeals his conviction of murder in the second degree. The victim was stabbed, then he was treated at a hospital and released. Before his death, he used cocaine and did not seek medical attention for pain from his internal bleeding. He died seven days after being stabbed. His use of cocaine was a contributing factor. We hold that when the trial court prevented the defense from arguing that there could have been another cause of death other than the knife wounds, the court erred by taking away from the jury an essential element of the case—cause of death. We reverse.

Perez-Cervantes was accused of taking part in the beating and stabbing of Samuel Thomas, who later died. Witnesses testified that Perez-Cervantes was angry at Thomas, believing that Thomas had stolen from him or friends of his. On the day of the stabbing, Perez-Cervantes and several others confronted Thomas. When Thomas ran away, Perez-Cervantes and the others chased him. The group caught Thomas and began to beat and kick him. Perez-Cervantes pulled out a knife and stabbed Thomas twice as he lay on the ground; the wounds were in his upper left back under his scapula and in the right flank area over his kidney. The group then disbursed, leaving Thomas where he lay.

Thomas was taken to the hospital and remained there for four days. He was released from the hospital in stable condition; that is, he was no longer bleeding from the stab wound. After his release, Thomas resumed his prior use of cocaine, which caused his blood pressure to rise, and he began to bleed internally from an artery that had been sealed off. Thomas complained of pain two days before his death, but did not seek medical attention. He died seven days after being stabbed. Perez-Cervantes was charged with first and second degree murder and convicted of second degree murder.

Perez-Cervantes argues that his due process rights were violated when the trial court refused to allow him to argue that his actions did not cause the victim's death. The medical examiner testified that the cause of death was "internal bleeding as a result of the stab wound, and also, in addition to that, chronic emphysema of the lungs, what we call chronic obstructive lung disease, as well as acute cocaine and morphine abuse were contributing factors." The trial court did give an instruction on proximate cause, but on the State's motion, prevented the defense counsel from arguing that there was an intervening cause between the stabbing and the victim's death. Perez-Cervantes wanted to argue that his actions were not the proximate cause of Thomas's death because there were intervening causes, namely Thomas's cocaine use and failure to seek medical attention.

 Due process requires the prosecution to prove all elements of the crime. *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). The corpus delicti of murder requires proof of (1) the fact of death, and (2) a causal connection between the death and a criminal agency, or criminal conduct of the accused. *See State v. Thompson*, 73 Wn. App. 654, 658-59, 870 P.2d 1022, *review denied*, 125 Wn.2d 1014 (1994); *see also State v. Little*, 57 Wn.2d 516, 521, 358 P.2d 120 (1961). The specific elements for murder in the second degree in this case are found in the "to convict" instruction No. 14:

To convict the defendant of the crime of Murder in the Second Degree (Intentional Murder), each of the following elements of the crime must be proved beyond a reasonable doubt;

(1) That on or about the 9th day of October, 1994, the defendant stabbed Samuel Thomas;

(2) That the defendant acted with intent to cause the death of Samuel Thomas;

(3) That Samuel Thomas died as a result of the defendant's acts; and

(4) That the acts occurred in [the] State of Washington.

In crimes that require specific conduct resulting in a specified result, the defendant's conduct must be the proximate cause of the result. *State v. Rivas*, 126 Wn.2d 443, 453, 896 P.2d 57 (1995) (citing 1 WAYNE R. LAFAVE & AUSTIN W. SCOTT, JR., SUBSTANTIVE CRIMINAL LAW § 3.12, at 390 (1986)). The proximate cause required for murder is cause in fact. *See State v. Dennison*, 115 Wn.2d 609, 624, 801 P.2d 193 (1990). " 'Cause in fact refers to the "but for" consequences of an act—the physical connection between an act and an injury.' " *Dennison*, 115 Wn.2d at 624 (quoting *Hartley v. State*, 103 Wn.2d 768, 778, 698 P.2d 77 (1985)).[1] An unforeseeable intervening cause may excuse the accused from legal responsibility. *Little*, 57 Wn.2d at 522.

The State argues that the court did not err in curtailing Perez-Cervantes's closing argument because there was no evidence in the record to support his argument that the victim's actions constituted an intervening cause. The State relies on *Dennison*, 115 Wn.2d at 624, which held that "[w]hen reasonable minds could reach but one conclusion . . . [cause in fact] may be determined as a matter of law." In *Dennison*, the defendant killed a homeowner in the course of a burglary. Dennison appealed his felony murder conviction, arguing that his use of force was justified by self-defense. The *Dennison* court rejected Dennison's argument that the trial court should have given a proximate cause instruction because the victim was killed in the course of a felony, making it felony murder as a matter of law. *Dennison* is distinguishable from this case because Dennison was attempting to assert an affirmative defense. Perez-Cervantes was challenging the State's proof on an essential element of the crime.

■ It is a fundamental principle of due process that the defendant be permitted to argue that the State has not proved all elements of its case beyond a reasonable doubt. *See Crane v. Kentucky*, 476 U.S. 683, 690-691, 106 S. Ct. 2142, 90 L. Ed. 2d 636 (1986) (a defendant has a "basic

---

[1]The concept of "cause in fact" is identical in tort and criminal situations. *Dennison*, 115 Wn.2d at 624 n.15.

right to have the prosecutor's case encounter and survive the crucible of meaningful adversarial testing"). Due process prohibits a trial judge in a criminal case from directing a verdict for the State on any element of the crime charged "regardless of how overwhelmingly the evidence may point in that direction." *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 573, 97 S. Ct. 1349, 51 L. Ed. 2d 642 (1977); *see also State v. Delmarter,* 68 Wn. App. 770, 776, 845 P.2d 1340 (1993).

Perez-Cervantes wanted to argue the proximate cause instructions[2] in such a way that the failure to obtain medical care and/or the cocaine use were intervening causes that would show that the State had not proven causation beyond a reasonable doubt. The court ruled as follows:

> THE COURT: You have the right to argue what the evidence is. There is no evidence here that there is any other cause of Mr. Thomas' death other than the stabbing. That's all.
>
> There are other contributing factors; that's the evidence, contributing factors. But there is no testimony, none has been offered, that those factors rise to the level of cause.
>
> . . . .
>
> You're limited, [Defense Attorney], to what the evidence is
> . . . .

---

[2]Instruction No. 10 read as follows:

> To constitute murder, there must be a causal connection between the death of a human being and the criminal conduct of a defendant so that the act done was a proximate cause of the resulting death.
>
> The term "proximate cause" means a cause which, in a direct sequence, unbroken by any new independent cause, produces the death, and without which the death would not have happened.
>
> There may be more than one proximate cause of a death.

Instruction No. 15 stated in relevant part:

> If a proximate cause of the death was a later independent intervening act of the deceased or another [and] that the defendant, in the exercise of ordinary care, could not reasonably have anticipated [what is] likely to happen, the defendant's acts are superseded by the intervening cause and are not a proximate cause of the death.

. . . .

. . . I think Dr. Lacsina's testimony is clear enough. I understand it, you know what he said, and I'm not going to allow you to argue that his taking of the cocaine, without testimony to support it, is a cause, and that's not what the evidence is. Now, I think you're clear enough.

While the judge in this case did not direct a verdict in favor of the State, he did decide that the evidence did not support the defense's argument and therefore that the defense should not be permitted to make that argument to the jury.

The State contends that Perez-Cervantes was not precluded from arguing that the evidence relating to cause of death did not rise to the level of proof beyond a reasonable doubt. The prosecutor told the jury at the beginning of his closing argument that the cause of death was not disputed. Then, Perez-Cervantes's counsel attempted to argue cause of death. But he was interrupted by objection from the State, which was sustained by the trial court:

[PROSECUTOR:] Your Honor, I object again. He's not saying the words but he's arguing cause of death, violating the Court's order.

[DEFENSE ATTORNEY:] Your Honor, I'm just going over the evidence. I'm going over the instructions.

THE COURT: You're doing it in a way that you're arguing the cause of death and I've already ruled on that, [DEFENSE ATTORNEY], so you will abide by the Court's ruling.

When the court precluded argument as to any other cause and precluded argument concerning its instructions on proximate and intervening causes, and the State maintained that cause of death was not disputed, the defense was effectively precluded from arguing that the evidence did not rise to the level of proof beyond a reasonable doubt.

The State contends that the error, if any, was harmless because the defense did in fact argue the evidence of cause of death to the jury. The harmless error doctrine al-

lows a conviction to stand, even if it follows a denial of the defendant's constitutional rights, if the State can prove beyond a reasonable doubt that the unconstitutional act did not prejudice the defendant, and that he would have been convicted even if the error had not taken place. *Coleman v. Alabama*, 399 U.S. 1, 11, 90 S. Ct. 1999, 26 L. Ed. 2d 387 (1970); *State v. Guloy*, 104 Wn.2d 412, 425, 705 P.2d 1182 (1985), *cert. denied*, 475 U.S. 1020 (1986). After the prosecutor told the jury that the cause of death was not disputed, Perez-Cervantes's counsel did attempt to argue cause of death. But he was interrupted by objection from the State, sustained by the trial court, and thus prevented from effectively arguing his theory of the case. The defense was limited to reiterating only the medical testimony, but was not allowed to connect that evidence to the law. The State has not met its burden of showing beyond a reasonable doubt that the result of the trial would have been the same without the trial court's error.

The trial court, in effect, took the question of cause of death from the jury and directed a verdict. Perez-Cervantes's due process rights were violated and the case should be remanded for a new trial. Because this issue is dispositive, we do not reach the other issues raised by counsel or by Perez-Cervantes, pro se.

Reversed and remanded for new trial.

HOUGHTON, C.J., and HUNT, J., concur.

Review granted at 136 Wn.2d 1008 (1998).